IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL MILLIMACI )<br>    Petitioner )<br> )<br>vs. )<br> )<br>MARILYN BROOKS, Warden, )<br>    Respondent. ) | C.A. No. 06-135 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MEMORANDUM ORDER

### Procedural History

On June 8, 2006, Petitioner filed the instant petition for writ of habeas corpus. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On August 23, 2006, Magistrate Judge Baxter issued a Report and Recommendation recommending that the petition be denied as it was barred by the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act. Document # 6. Magistrate Judge Baxter determined that in order to be timely filed the petition should have been filed before April 24, 1997 (the one year grace period following the enactment of the AEDPA) and therefore, she reasoned the petition was filed several years out of time. She further recommended that the statute of limitations should not be equitably tolled.

Petitioner filed Objections to the Report and Recommendation arguing that the statute of limitations should be tolled due to his deteriorating health. Document # 11. In light of the Objections, the undersigned remanded this matter back to the Magistrate Judge for the purpose of reconsidering Petitioner's alleged incapacity after supplementation of the record in any manner deemed appropriate by the Magistrate Judge. Document # 14.

Thereafter, the Magistrate Judge directed Petitioner to supplement his Objections to

specifically address how his physical condition prevented him from timely pursuing the instant petition. Document # 15. Petitioner was allowed to file evidence in this regard. Petitioner filed a Supplement; Respondent did not file a Reply.

### *De Novo* Review

In his Supplement to the Objections to the Report and Recommendation, Petitioner concedes that his petition is untimely and argues that the statute of limitations should be tolled due to his deteriorating health. As in his initial Objections, Petitioner argues generally that his health prevented him from timely filing his petition, and he has provided documentary evidence in support of this argument. However, Petitioner does not specify how his health issues prevented him from filing a petition between April of 1997 (the expiration of the one-year grace period following the enactment of AEDPA) and June 8, 2006 (the date on which the instant petition was filed). Moreover, a review of the evidence submitted by Petitioner does not reveal any longstanding medical issues which would have precluded Petitioner from pursuing this matter in a timely manner. Accordingly, this Court will not toll the statute of limitations in this case.

AND NOW, this 27th day of December, 2006;

Following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of this Court.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

s/ SEAN J. MCLAUGHLIN  
UNITED STATES DISTRICT JUDGE